IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT T. JENKINS, #115 765, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-432-MHT |
| | ) | [WO] |
| ALABAMA DEPT. OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, *pro se* inmate incarcerated at the Elmore Correctional Facility, filed this 42 U.S.C. § 1983 action on June 17, 2015. He complains that Defendants have subjected him to racial and religious discrimination regarding an institutional band program approved in May 2015 and seeks to represent the interests of other inmates associated with the institutional band program. *See Doc. No. 1* at 1, *Attachment 1* at 1-2. The court, therefore, considers the complaint to contain a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*. Upon consideration of the motion for class certification, the court concludes this motion is due to be denied.

Plaintiff is a *pro se* inmate unschooled in the law who seeks to represent other inmates confined at the Elmore Correctional Facility. Among the requirements which litigants must meet to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. An inmate proceeding *pro se*, however, is not an adequate class representative. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *see also Wallace v.*

*Smith*, 145 F. App'x. 300, 302 (11th Cir. 2005). The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407; *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980).

The court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Further, the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits, and the questions of fact common to the proposed class members do not predominate over such questions. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also England*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion to certify case as a class action (*Doc. No. 1*) be DENIED; and

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 6, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 22nd day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE